ALLEN THOMAS v. THE STATE.

No. 12381.    Delivered April 17, 1929.
Rehearing denied May 15, 1929.

The opinion states the case.

*Smith & Smith* of Anson and Hamlin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, assault with intent to rape; penalty five years in the penitentiary.

Appellant was a boy about seventeen years old, the alleged injured female a child seven years old.    Appellant lived with his uncle a short distance from where the alleged injured female resided.    The State's testimony tended to show that Mary Stovall, the injured female, was sent by her mother with two other little children to the home where appellant was living; that no one else was at home that afternoon except appellant.    Appellant sent the other two little children to the barn and then laid the injured female on the bed and there had or attempted to have intercourse with her.    She testified in part:

"He got up on top of me, laid down on me.    I was on the bed when he took hold of me; he grabbed me and laid me down on the bed; I was standing there by the bed when he grabbed me.    *  *  * After he laid me on the bed he stuck his thing in mine and wet on me; he stuck his thing in there, between my legs.    *  *  *    He just got my bloomers wet.    He didn't tear any of my clothing; he didn't

scratch me or hurt me but he said he would make it hurt me if I didn't be still."

The little child further testified that she ran home and told her mother. Her mother testified in part:

"Shortly after she went down there she returned to our house; she came in a run, all excited; she went to crying as soon as she got to me. I made an examination of the little girl at that time the best I could. She had on a dress and a pair of bloomers that day. I examined her privates; I found something on it; I know what it was that I found. * * * The bloomers were not torn but the dress was torn; it was torn in several different places, the sleeves were torn some and it was torn about the waist. * * * I don't know whether I could tell the quantity of this stuff I found upon the bloomers but there was a right smart of it; it was not all in one place, it was kinda scattered, run down or scattered about over the bloomers."

The appellant testified that he was at home that afternoon but was asleep all afternoon and did not see this child or know of her presence.

It is claimed the evidence is insufficient. Considering the relative age, size and strength of the parties and the testimony of the child corroborated by her mother, we think the facts bring the case within the rule pertaining to the sufficiency of the evidence in cases of this character, too well known to here repeat. There were facts brought out on cross-examination which weaken the force of her testimony but her credibility was a question for the jury and we do not feel authorized to disturb the verdict.

No other questions are raised which we deem worthy of discussion.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have perceived no such weakness in the testimony as would warrant this court in annulling the verdict rendered by the jury and approved by the learned judge who tried the case and heard the evidence on the motion for new trial.

The motion is overruled.

*Overruled.*